UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-133-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| EMMANUEL BLACK | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion to withdraw the guilty plea and to dismiss Count Two of the Indictment, filed by Defendant Emmanuel Black ("Black"). Record Document 73. Black is under indictment for possession with intent to distribute marijuana (Count One) and possession of a firearm by an unlawful user of a controlled substance (Count Two). Record Document 33. Black seeks to dismiss Count Two of the indictment pending against him, but he has previously entered a plea of guilty. Thus, in order to consider his request to dismiss Count Two, the Court must allow him to withdraw his guilty plea. The Government has filed an opposition to the motion. For the reasons below, the motion is **DENIED**.

I.   Background

Black was initially indicted on June 15, 2022. Record Document 14. Black filed his first Motion to Dismiss on September 28, 2022. Record Document 27. In that motion, Black challenged the constitutionality of § 922(g)(3), arguing it is an unconstitutional restriction of the Second Amendment and that it is unconstitutionally vague.[1] This Court denied that

---

[1] Black also sought to dismiss Count Two for failure to state an offense because the governing statute—§ 922(g)(3)—bars possession of a firearm by an unlawful user, not an unauthorized

1

motion reasoning that the regulation imposed by § 922(g)(3) is consistent with the country's historical tradition of firearm regulation. Record Document 46 at 7. After this ruling, Black entered a guilty plea. Record Document 50. Following his guilty plea, however, Black contends that there has been a change in the legal landscape such that the Court should again consider dismissing Count Two of the indictment.

In his instant motion, Black again challenges the constitutionality of § 922(g)(3), arguing that under recent Fifth Circuit precedent, § 922(g)(3) as applied to him is unconstitutional. Record Document 73 at 3; *see United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), *vacated*, No. 23-376, 2024 WL 3259662 (2024). Thus, Black seeks to withdraw his guilty plea and have this Court grant his Motion to Dismiss Count Two of the Indictment because based on the ruling in *Daniels,* he alleges that he is now legally innocent of the charge. Since legal innocence is a "fair and just reason" for withdrawing a guilty a plea, Black contends that this Court should grant his request. In response, the Government argues that *Daniels* is factually distinct from this case, and therefore, § 922(g)(3) is constitutional as applied to Black. Record Document 74 at 5-7.  Since the only reason that the Defendant seeks to withdraw his guilty plea is his incorrect assertion that § 922(g)(3) is unconstitutional as applied in this case, the Government asserts, the Court should deny the motion to withdraw the guilty plea. *Id.*

---

user.  In that indictment, Count Two charged him with being an "unauthorized user" of a controlled substance who knowingly possessed a firearm, in violation of 18 U.S.C. § 922(g)(3). *Id*.  After Black filed his first motion to dismiss, Record Document 27, the Government obtained a superseding indictment which amended the language of Count Two by charging Black with being an "unlawful" user of a controlled substance.

2

II. Law and Analysis

Before trial, a criminal defendant may file a motion asserting that an indictment is defective because of a "lack of specificity" or "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(iii) and (v). "An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id.* (internal marks omitted).

In considering a motion to dismiss an indictment, the Court must take the facts as set forth in the indictment as true. *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004); *see also United States v. Radley*, 632 F.3d 177, 180 (5th Cir. 2011) ("The allegations in the indictment are presumed true for present purposes."). While the indictment must at least state the facts and circumstances of the alleged offense such that the accused will be informed of the charge against him, the indictment does not have to "articulate the evidence that will be used to prove the allegations." *United States v. Pratt*, 728 F.3d 463, 478 (5th Cir. 2013). "The Constitution requires only enough specificity to allow the defendant to defend against the allegations." *Id.* A review of the sufficiency of an indictment "is governed by practical, not technical considerations." *United States v. Rainey*, 757 F.3d 234, 247 (5th Cir. 2014).

As to the standard for withdrawing a guilty plea, a criminal defendant does not retain the absolute right to withdraw his guilty plea. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). A district court may, however, grant withdrawal before sentencing if the defendant provides a fair and just reason. Fed. R. Crim. P. 11(d)(2)(B). When determining whether a fair and just reason exists, courts should consider the following factors: 1) whether the defendant has asserted his innocence; 2) whether withdrawal would prejudice the government; 3) whether the defendant delayed in filing the motion; 4) whether withdrawal would substantially inconvenience the Court; 5) the availability of close assistance of counsel; 6) whether the plea was knowing and voluntary; and 7) whether withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

A. Constitutionality of Section 922(g)(3)

Black argues that Count Two of the Indictment must be dismissed because § 922(g)(3) is unconstitutional as applied to him under the Second Amendment. The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. As relevant here, § 922(g)(3) makes it unlawful for anyone "who is an unlawful user of or addicted to any controlled substance" to possess a firearm or ammunition. 18 U.S.C. § 922(g)(3). Because the crux of Black's argument is that there has been a recent

change in the law regarding the Second Amendment, the Court will focus its analysis solely on those recent developments.[2]

Black cites to *Daniels* and *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023) (*reversed and remanded*, 144 S. Ct. 1889 (2024)), as authority for the proposition that § 922(g)(3) is unconstitutional as applied to him. In *Rahimi*, the Fifth Circuit struck down § 922(g)(8) as unconstitutional, ultimately holding that citizens accused of domestic violence still had Second Amendment rights. 61 F.4th at 460-61. Then, only five months later, the Fifth Circuit in *Daniels*, relying on the reasoning utilized in *Rahimi*, held that as applied to Daniels, § 922(g)(3) was unconstitutional. 77 F.4th at 355. In *Daniels*, the Defendant admitted to possessing a firearm and smoking marijuana about fourteen days per month. *Id.* at 340. The Fifth Circuit reasoned that Daniels was still a member of the political community despite being a marijuana user. *Id.* at 342. Thus, the Court found that § 922(g)(3) contradicts the plain text of the Second Amendment by infringing on his presumptive right to bear arms. *Id.* The Government claims that *Daniels* is factually distinct from this case. Record Document 74 at 6.

Importantly, however, since the filing of the instant motion, the United States Supreme Court has overturned *Rahimi*. 144 S. Ct. 1889, 1902 (2024) ("Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others. Section 922(g)(8) can be applied lawfully to *Rahimi*."). Shortly thereafter, the United States Supreme Court vacated *Daniels* in light of

---

[2] The Court has provided a detailed account of the jurisprudence surrounding the Second Amendment in its prior memorandum ruling. *See* Record Document 46.

its ruling in *Rahimi*. *United States v. Daniels*, 2024 WL 3259662, at *1 (U.S. July 2, 2024). This Court is therefore in the same position that it was when it denied Black's original motion to dismiss. Against this backdrop, the Court finds that § 922(g)(3) is a constitutional restriction consistent with historical tradition, and the Court will not opine on whether *Daniels* is factually distinct from the instant case. Black's instant motion to dismiss is denied for the same reasons outlined in this Court's prior memorandum ruling. *See* Record Document 46.

    B.  Withdrawal of Guilty Plea

Federal Rule Criminal Procedure 11(d)(2)(B) allows a defendant to withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if the defendant can show a fair and just reason for the withdrawal. Black argues that a change in the law supports the withdrawal of his plea. Record Document 73 at 3. Accordingly, Black asserts that he did not delay in filing the instant motion as *Daniels* was decided on August 8, 2023, and this motion was filed on August 28, 2023. Additionally, due to the recent change in the law, Black claims that his plea cannot be characterized as knowing and voluntary nor can he be still considered guilty on Count Two. Cite. However, given that *Daniels* has been vacated in light of *Rahimi* and the lack of other binding authority deeming § 922(g)(3) unconstitutional, the motion to withdraw the guilty plea on this basis is **DENIED**.

III.   Conclusion

For the foregoing reasons, the Court finds that 18 U.S.C. § 922(g)(3) is not an unconstitutional restriction on the Second Amendment. Accordingly, Black's motion to

withdraw the guilty plea and to dismiss Count Two of the Indictment [Record Document 73] be and is hereby **DENIED**.

      **THUS DONE AND SIGNED** this 5th day of August, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE