# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-0133 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| EMMANUEL BLACK | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is a Motion for Reconsideration of Defendant Emmanuel Black's previously filed Motion to Withdraw Guilty Plea and Motion to Dismiss Count Two of the Superseding Indictment. *See* Record Document 83. The Government has informed the Court that it does not object to the Defendant's motion to withdraw his guilty plea. *See* Record Document 96.

A district court may permit withdrawal of a guilty plea before sentencing if the defendant demonstrates a "fair and just reason for requesting the withdrawal." F. R. Crim. P. 11(d)(2)(B); *United States v. Landreneau*, 967 F.3d 443, 449 (5th Cir. 2020). In determining whether to allow the withdrawal of a plea, a district court may consider: (1) whether the defendant asserted his actual innocence; (2) whether the withdrawal would substantially prejudice the Government; (3) the extent of the delay, if any, in filing the motion to withdraw; (4) whether withdrawal would substantially inconvenience the court; (5) whether the defendant had the benefit of close assistance of counsel; (6) whether the guilty plea was knowing and voluntary; (7) the extent to which withdrawal

would waste judicial resources; and, as applicable, (8) the reasons why the defenses now advanced "were not proffered at the time of the original pleading." *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). A district court must make its determination based on a totality of the circumstances and no single factor, or combination thereof, mandates a particular result. *See United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996).

The Defendant argued in his original motion to withdraw his guilty plea that despite the close assistance of counsel, his plea to Count Two (possession of a firearm by an unlawful user of controlled substances) cannot be considered knowing and voluntary due to changes in the interpretation of 18 U.S.C. § 922(g)(3). *See* Record Document 73 at 3. The Court denied the motion based on a lack of binding authority deeming 18 U.S.C. § 922(g)(3) facially unconstitutional. *See* Record Document 78 at 6. However, since that time two significant opinions from the United States Court of Appeals for the Fifth Circuit analyzing "as applied" constitutional challenges to 18 U.S.C. § 922(g)(3) have caused this Court to become concerned that the Defendant's plea to Count Two may no longer be considered knowing and voluntary. *See United States v. Connelly*, 117 F.4th 269 (5th Cir. 2024); *United States v. Daniels*, 124 F.4th 967 (5th Cir. 2025). The Court also notes that the withdrawal of the Defendant's guilty plea will not substantially inconvenience the Court or waste judicial resources. The Government's indication that it does not object to the withdrawal is sufficient to determine that it will not be substantially prejudiced. As such, the Court finds, under the totality of the

circumstances, that the Defendant has shown a fair and just reason for requesting a withdrawal of his guilty plea.

Accordingly, the Defendant's Motion for Reconsideration of his previously filed Motion to Withdraw Guilty Plea and Motion to Dismiss Count Two of the Superseding Indictment [Record Document 83] is hereby **GRANTED IN PART** and the Defendant's guilty plea to Count Two is **WITHDRAWN**. The Defendant's motion is **DENIED IN PART** as to the dismissal of Count Two of the Superseding Indictment.

**THUS DONE AND SIGNED**, this __30th___ day of January, 2025.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE

3